NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-5033

KSEND,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: June 6, 2006

_____

Before SCHALL, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and BRYSON, <u>Circuit Judge</u>.

PER CURIAM.

Plaintiff-Appellant KSend appeals the decision of the United States Court of Federal Claims granting judgment on the administrative record to Defendant-Appellee the United States. <u>KSend v. United States</u>, No. 05-822C (Fed. Cl. Dec. 8, 2005). KSend filed a post-award bid protest in connection with a solicitation for a Job Corps Services contract with the United States Department of Labor (Labor), alleging that it was improperly eliminated from the competition, that Labor failed to adhere to solicitation procedures, and that it was treated unfairly when Labor failed to answer its pre-bid questions. However, the court found that the United States properly rejected KSend's bid as nonresponsive to the solicitation and granted judgment on the administrative record to the United States. For the reasons set forth below, we <u>affirm</u>.

I

On March 25, 2005, Labor issued solicitation number DOL051RP20027 for support services for Job Corps Centers nationwide. The solicitation required that offerors make an oral presentation to Labor's evaluation panel and participate in a question and answer period. Section L.9, part 8 of the solicitation, which discussed the oral presentation, informed offerors that Labor would provide a flip pad and an overhead projector during the presentation. However, this section of the solicitation also stated that:

> Each offeror shall use black and white overhead transparencies (slides) to document key points of its presentation. . . . "The offeror shall submit its set of overhead transparencies and five (5) paper copies to the Government in a sealed package with its offer" (see L.10). **Failure to submit the overhead transparencies and paper copies by the date established for receipt of offers will cause the offer to be rejected as non-responsive.**

App. at 136 (emphasis added).

Part 2, subsection (3) of Section L.10 of the solicitation, titled "Submission of Proposal," stated that "[o]fferors shall submit seven (7) paper copies of overhead transparencies in a sealed package. The transparencies shall form the basis of the offeror's Oral Presentation." App. at 137. On April 19, 2005, Labor issued Amendment 1 to the solicitation, which states that "[o]fferors are to submit seven (7) paper copies and one (1) original set of the overhead transparencies." App. at 133. On April 26, 2005, Labor extended the due date for receipt of proposals to May 6, 2005.

KSend submitted a proposal on May 5, 2005. However, as KSend admitted in its complaint, the proposal did not include any overhead transparencies. Thus, on May 9, 2005, Labor rejected KSend's proposal as unacceptable under the solicitation because

of the absence of the overhead transparencies.  Labor further informed KSend that, pursuant to 48 C.F.R. § 15.503, it would not consider further revision of the proposal. Nevertheless, on May 11, 2005, KSend submitted the overhead transparencies.

On May 17, 2005, KSend filed an agency protest, alleging that the solicitation was unclear regarding the requirement for overhead transparencies and that Labor had not properly responded to its requests for clarification.  Labor denied that protest. KSend subsequently filed a protest with the General Accountability Office (GAO), which dismissed the protest as untimely.  The GAO also denied KSend's request for reconsideration.

On August 15, 2005, KSend filed a bid protest with the Court of Federal Claims, seeking equitable relief and unspecified bid preparation and court costs.  After cross motions for judgment on the administrative record and oral argument on the motions, the court concluded that the solicitation was not ambiguous regarding the requirement to submit transparencies, that KSend had not submitted the required transparences, and that Labor had thus properly rejected KSend's bid.

II

We review the Court of Federal Claims' decision to award summary judgment on the administrative record de novo, applying the same standard of review as the Court of Federal Claims.  Dysart v. United States, 369 F.3d 1303, 1310 (Fed. Cir. 2004).  Thus, we will not disturb a decision of the agency unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A) (2000); Bannum, Inc. v. United States, 404 F.3d 1346, 1351 (Fed. Cir. 2005).

III

Labor rejected KSend's proposal because the May 5, 2005, submission did not include the overhead transparencies. KSend admitted in its complaint that it did not include the overhead transparencies in its May 5, 2005, proposal or otherwise submit the transparencies before the bid proposal deadline. See App. at 7 ("Plaintiff does not dispute the fact that it failed to include . . . overhead transparencies with its proposal . . . [or] that it sent . . . [the] overhead transparencies to [Labor] after the closing date of proposal submission."). Nonetheless, before the Court of Federal Claims, KSend attempted to demonstrate that it had submitted the transparencies by producing shipping receipts indicating the weight of its May 5 packages and comparing those weights to a recreation of the May 5 package. However, it is impossible to tell from the weight of a package what documents are included therein; further, KSend admitted that it included documents in its recreation of the May 5 package that were not in the original May 5 package. In addition, KSend repeatedly admitted that it did not include the overhead transparencies in its May 5, 2005, proposal. Thus, the court correctly concluded that KSend did not include the overhead transparencies in its May 5, 2005, proposal.

KSend also argues that the solicitation was unclear with regard to whether overhead transparencies were required to be submitted with the proposal. However, the solicitation clearly stated, in several places, that each offeror was to submit overhead transparencies and that these transparencies were to be included with the offeror's proposal. Further, the solicitation explicitly stated that "[f]ailure to submit the

overhead transparencies and paper copies by the date established for receipt of offers will cause the offer to be rejected as nonresponsive."

KSend additionally argues that it requested further clarification from Labor regarding overhead transparencies and that Labor failed to adequately respond. However, KSend did not ask whether overhead transparencies were required to be included with the proposal. Rather, KSend asked whether offerors were required to use both oral presentation media, the flip chart and the overhead transparencies, or whether simply using the flip chart was sufficient. Further, after KSend and other prospective offerors requested clarification of the solicitation, Labor filed Amendment 1, which clarified that "[o]fferors are to submit seven (7) paper copies and one (1) original set of the overhead transparencies." Thus, to the extent that any clarification of the solicitation was necessary, Labor provided the requisite clarification.

Finally, KSend argues that the Court of Federal Claims should have permitted supplementation of the record with all of the requests for clarifications submitted by other offerors, which it claims would establish that the solicitation was unclear. However, as noted above, the solicitation was not ambiguous.

We have considered KSend's additional arguments and we consider them unavailing. Thus, because the solicitation clearly required that offerors submit overhead transparencies with their proposals, and because KSend did not do so, Labor did not act arbitrarily or capriciously in rejecting KSend's proposal. As such, we affirm.